**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Bradford Vance, Gary Vance and Mark Fultz<br><br>Plaintiffs,<br><br>vs.<br><br>Franklin Lakes Borough<br><br>Defendant(s). | CASE NO<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff Bradford Vance residing at 558 Colonial Road, Unit 204 Franklin Lakes, NJ 07417. Gary Vance residing at 319 East 24th Street 20a New York, New York 10010 and Mark Fultz residing at 231 NW 76th Avenue, Margate Florida 33063 by way of complaints by way of against Defendant states:

**JURISDICTION**

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

**PARTIES**

2. Plaintiffs reside as follows: Plaintiff Bradford Vance resides at 558 Colonial Road, Unit 204 Franklin Lakes, NJ 07417. Gary Vance resides at 319 East 24th Street 20a New York, New York 10010. Mark Fultz resides at 231 NW 76th Avenue, Margate Florida 33063. Bradford Vance is disabled having suffered severe personal injuries and when necessity uses a cane or a walker Gary Vance a victim of a stroke uses a cane and wheelchair. Mark Fultz a victim of a stroke uses a cane, wheelchair and scooter.

3. Defendant Franklin Lakes borough is a municipal government of the state of New Jersey located in Bergen County, New Jersey. It receives federal funding from the United States of America.

**AMERICANS WITH DISABILIES ACT.**

**FIRST COUNT**

On numerous occasions the plaintiffs have been patrons of the services and programs defendant. Plaintiff Bradford Vance has used the serves being a resident too many times to count including July 19, 2022.Gary Vance being a former resident on many occasions including July 19,2022. Plaintiff Mark Fultz using the uses on June 6., 2022 He did not use the nature park. All three plaintiffs intend to use the services as patrons and testers. The services and programs include Franklin Lakes:

Nature Preserve, Parsons Pond Park, Municipal Field and the library.

4. The lack of access has impaired the ability of the plaintiffs to use and enjoy the services of the Defendant.

5. Title II of the ADA provides in part 42 USC Sec. 12132. Discrimination Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

6. Defendant is a "public entity" within the meaning of 42 U.S.C. § 12131(1).

7. The aforementioned service and programs at the Franklin Lakes Nature Preserve, Parsons Pond Park, Municipal Field and the library are not accessible to plaintiffs and the disabled as a whole. Specially, the parks and library do not have proper accessible parking, routes and bathrooms facilities because of physical barriers.

8. Defendant actions described above:

    a. constitute discrimination in violation of Title II of the ADA, 42 U.S.C. §12132, and its implementing regulation, 28 C.F.R. Part 35;

    b. exclude qualified individuals with disabilities from participation and deny them the benefits of the services, programs, or activities of a public entity on the basis of disability in violation of Title II of the ADA, 42 U.S.C. §12132, and its implementing regulation, 28 C.F.R. § 35.130(a);

    c. afford qualified individuals with disabilities an opportunity to participate in or benefit from the services of a public entity that are not equal to those afforded others in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. §35.130(b)(1)(ii);

    d. otherwise, limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. §35.130 (b)(1)(vii);

with disabilities to discrimination of the basis of disability in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130 (b)(3); Schonfeld v. Carlsbad, 978 F. Supp. 1329 (S.D.Cal.1997), aff'd, 172 F.3d 876 (9th Cir.1999).

10. Plaintiff is without an adequate remedy at law.

11. As a result plaintiffs' suffered emotional distress.

WHEREFORE, plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of the ADA.

   b. Injunctive relief against the Defendant,

c. An award of attorney fees, costs and litigation expenses.

d. Damages

e. Such other relief as the Court deems just and proper.

**REHABILITATION ACT of 1973.**

12. Plaintiffs' repeat the allegations of Count 1 of the complaint.

13. SECTION 504 OF THE REHABILITATION ACT. The Defendant Franklin Lakes Borough is a recipient of federal financial assistance.

14. Plaintiffs' are "qualified individuals with a disability" within the meaning of 29 U.S.C. §794(a).

15. Defendants' actions described above constitute discrimination in violation of Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. §794, and its implementing regulation, 24 C.F.R. Part 8; No otherwise qualified individual with a disability in the United States, as defined by section 705(2) of this title, shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity that receiving Federal financial assistance or under any program or activity conducted.

a. exclude qualified individuals with disabilities from participation in and deny them the benefits of the services, programs, or activities receiving federal financial assistance on the basis of disability others in violation of Section 504, 29 U.S.C. §794, and its implementing regulation, 24 C.F.R. 8.4(b)(1)(i);

b. afford qualified individuals with disabilities an opportunity to participate in or

      benefit from the services, programs, or activities receiving federal financial assistance that are not equal to those afforded others in violation of Section 504, 29 U.S.C. § 794, and its implementing regulation, 24 C.F.R. 8.4(b)(1)(ii);

c. otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in violation of Section 504, 29 U.S.C. § 794, fail to make reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis of disability in violation of Section 504, 29 U.S.C.§ 794, and its implementing regulations, 24 C.F.R. § 8.3, 24 C.F.R. 8.24, 24 C.F.R. § 8.28, and 24C.F.R. §8.33.

17. Plaintiffs are "persons aggrieved" within the meaning of 29 U.S.C. § 794a (a)(2) have suffered harm and damages by the actions of Defendant described above.

18. Plaintiff is without an adequate remedy at law.

WHEREFORE, plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of the ADA.

b. Injunctive relief against the Defendant,

c. An award of attorney fees, costs and litigation expenses.

d. Such other relief as the Court deems just and proper.

**NEW JERSEY LAW AGAINST DISCRIMINATION.**

19. Plaintiffs' repeat the allegations of the First and second counts.

20. Defendant violated the New Jersey Law Against Discrimination.

by the aforementioned lack of access. Lasky v Borough of Hightstown, 426 N. J. super.

68 (App Div. 2012)

WHEREFORE, demands judgment for:

1) Injunctive relief.

2) Attorney fees.

3) Costs of suit.

4) Damages under the LAD.

DATED: August 21, 2022.

s/Anthony J. Brady Jr.

ANTHONY J. BRADY, JR., ESQ.
1 Rose Ave.
Maple Shade NJ
Tel.: 561-603-6387
#0100366
Attorney for Plaintiffs